THE MAYOR AND COMMON COUNCIL OF THE
CITY OF PLACERVILLE *v.* TRUMAN WILCOX
AND CERTAIN REAL ESTATE.

CITY OF PLACERVILLE—CONSTRUCTION OF ITS ACT OF INCORPORATION.—The Act
incorporating the City of Placerville granted to the Common Council the right
to levy and collect certain taxes, and constituted the City Marshal *ex officio* Col-
lector of Taxes, and made it his duty to receive and collect all taxes due the city,
authorized the sale of the property of delinquents for taxes due the city, and
further enacted, that the manner of assessing and collecting taxes, and proceed-
ings for the sale of property in cases of delinquency, should be regulated by
ordinance. The Common Council enacted by ordinance a mode of collecting
delinquent taxes remaining unpaid after a certain date, whereby the entire duty
was devolved upon the City Attorney, and the services of the City Marshal dis-
pensed with. *Held*, that the ordinance prescribing such mode was void, because
in conflict with said Incorporation Act.

APPEAL from the District Court, Eleventh Judicial Dis-
trict, El Dorado County.

This was an action to recover delinquent taxes due the City
of Placerville. Judgment in the Court below passed for the
defendants upon demurrer to plaintiffs' complaint. Plain-
tiffs appealed.

The other facts are stated in the opinion of the Court.

*Blanchard & Irwin,* and *J. G. McCallum,* for Appellants.

When power is given by statute, but the means of execut-
ing it are not prescribed, it must be executed according to
the course of the common law. (6 Bac. Abr., Tit. Stat.
383, 384.)

Public and private statutes are construed alike. (9 Por-
ter, 226.)

We are aware of the rule that when a statute gives an
authority to a particular person or officer, all others are
excluded. (Dwarris, 767; 11 Co. Rep. 59–64.)

But a suit in Court to enforce payment of taxes does not
necessarily take it out of the hands of the City Collector,
nor does the bringing of the suit by the City Attorney neces-
sarily imply that he is substituted for the Collector in the

collection of the tax. Act 1863, Sec. 37, p. 219, makes it the duty of the City Attorney to attend to all suits, matters, and things in which said city may be interested. It certainly cannot be construed that the City Collector should be the party plaintiff in the action—that would violate section two of the charter.

A statute should be so construed as to render it valid, and if possible, operative. (12 Cal. 884; 27 Cal. 227.)

The Common Council provided by ordinance that the delinquent taxes of the city should be collected by suit in the manner provided by the Revenue Laws of this State, which laws, so far as applicable, were made a part of the ordinance. They thereby provided the only manner which under the charter could be provided. (Sec. 27 of Act of Incorporation.) This was the machinery that the Collector puts in motion in returning the list of delinquent taxes, as required by the Revenue Laws. In this sense the Collector sells.

A statute must be construed so as to give meaning and intent, if possible, to every clause and word. (*Souter* v. *Sea Witch*, 1 Cal. 164; 6 Cal. 47; 28 Vt. 354; 5 Mich. 114; 31 Ala. 227; *City of San Francisco* v. *Hazen*, 5 Cal. 171.)

Where, if the words of a statute should be construed according to their technical signification, it would be inoperative, but if construed according to their common signification, it would have a reasonable operation, the latter mode of construction should be adopted. (*Robinson* v. *Varnell*, 16 Texas, 382.)

Laws intended for public convenience and for necessary regulations should be liberally construed in favor of the public interests. (1 E. D. Smith, 293.)

*J. L. English*, and *A. Comte, Jr.*, for Respondents.

By the Court, SPRAGUE, J. :

The question presented on this appeal involves the validity of an ordinance of the Common Council of the City of Placerville, so far as the same prescribes the mode of enforcing the collection of delinquent city taxes.

The twenty-third section of the Act "to incorporate the City of Placerville, and extend the limits thereof," approved April 6th, 1863, (Stats. 1863, p. 215,) authorizes the Common Council "to levy and collect taxes on all property within the city, both real and personal." The same Act (section four) provides for the election of a City Marshal and City Attorney, and that the Marshal shall be *ex officio* Collector and Superintendent of Streets. Sections twenty-seven and thirty-five of the same Act read as follows:

"SEC. 27. Real and personal property may be sold by the City Collector for taxes or assessments due the city. The manner of assessing and collecting taxes, and proceedings for the sale of property in case of non-payment of the same, shall be prescribed by ordinance.

"SEC. 35. It shall be the duty of the Collector to receive and collect all taxes and licenses due the city, and all other revenues or money due or to become due, and pay the same over to the Treasurer. The time and manner of such collection and payment shall be such as the Common Council shall by ordinance prescribe."

Municipal corporations possess and can exercise only such powers as are expressly or by necessary implication conferred or delegated by the legislative Act of incorporation; and when the legislative charter prescribes the mode of exercising such delegated powers, it must be strictly pursued.

The provisions of appellant's charter, above quoted, manifestly confer upon the City Collector the power, and make it his duty, to collect all taxes due the city; and, in the process of such collection, when it becomes necessary, to sell

both real and personal property for taxes due the city. But the time and manner of such collection and sales by the Collector are to be prescribed by ordinance of the Common Council; in other words, the charter authorizes the Common Council, by ordinance, to prescribe the time and mode of procedure by the Collector in collecting taxes and making sale of property for taxes due the city. This power and duty of collecting city taxes and making sale of real and personal property to enforce such collection, having been expressly conferred upon the City Collector by the charter, the question arises, is the ordinance of the Common Council prescribing the "time and manner of collecting" city taxes in conformity or in conflict with the terms of such charter?

The mode of procedure for collecting delinquent taxes due the city, prescribed by sections six and seven of the ordinance of the Common Council, as found in the transcript, dispenses entirely with the services of the City Collector in the process of collecting such taxes after the first Thursday in January, 1867, and provides that the City Attorney, upon receiving the general delinquent list, which the Collector is required to have prepared and filed with him on that day, "shall proceed to collect the same in manner and form as provided in the Revenue Laws of this State, so far as applicable to the County of El Dorado." Section seven also provides that "the City Attorney, upon being notified by the City Collector of any person, firm, corporation, or association refusing or neglecting to pay taxes on personal property, shall immediately commence suit * * * before a Court of competent jurisdiction for collection of the same in the manner prescribed by the Revenue Laws of this State." This authorizes the Collector, upon refusal or simple neglect to pay of a party from whom city taxes are due upon personal property, to transfer the powers and duties devolved upon him by the city charter to officers and tribunals not authorized by the charter.

The seventh section of the ordinance above referred to is manifestly unauthorized by and in direct conflict with the

terms of the charter, as it clearly assumes to dispense with the agency provided by the terms of the Act of incorporation for the collection of taxes due the city, and substitutes agencies not authorized or contemplated.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.